# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEWIS ROBERSON, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-11-0206-HE |
| | ) |
| JAMES RUDEK, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Lewis Roberson, a state prisoner appearing *pro se*, filed this action under 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell, who has recommended that the petition be denied.

The petitioner was convicted by a jury of assault and battery with a deadly weapon and possession of a firearm after a felony conviction. He was sentenced to thirty years imprisonment on the assault and battery charge and eight years on the firearm possession charge. The sentences ran concurrently with each other but consecutively to sentences petitioner received in unrelated felony cases. The convictions and sentences were affirmed on appeal by the Oklahoma Court of Criminal Appeals ("OCCA").[1] Petitioner's application for post-conviction relief was denied by the state trial court. The OCCA affirmed that decision on appeal.

The petitioner asserts the same Sixth Amendment issues here which he raised in his state post-conviction application. He claims he was denied effective assistance of trial

---

[1]*Petitioner was represented by different counsel on appeal.*

counsel because his attorney did not request a jury instruction on the lesser included offense of assault and battery with a dangerous weapon. He claims his appellate counsel was ineffective for failing to assert that error of trial counsel. [2]

The magistrate judge determined petitioner had not demonstrated the cause and prejudice or fundamental miscarriage of justice required to excuse his procedural default of his ineffective assistance of trial counsel claim. Applying AEDPA[3] deference, the magistrate judge concluded the OCCA's rejection of petitioner's claim that his appellate counsel was ineffective was a reasonable application of the applicable Strickland[4] standard based on the facts of the case.

The petitioner filed an objection in which he asserts that a reasonable jury could have found him guilty of the lesser offense of assault and battery with a dangerous weapon. He claims the evidence established that the weapon he used was dangerous but not deadly because "it did not cause death or great bodily injury." Objection, p. 7. His argument lacks merit.[5]

---

[2]*The OCCA held that petitioner's claim of ineffective assistance of trial counsel was procedurally barred as petitioner had not asserted on direct appeal that his attorney was deficient because he failed to request a lesser included offense instruction. The OCCA rejected petitioner's claim of ineffective assistance of appellate counsel on the merits, concluding he was not prejudiced by his trial counsel's failure to request the instruction. The court concluded that petitioner had not shown that the jury could have found that the weapon he used was dangerous, but not deadly.*

[3]*The Antiterrorism and Effective Death Penalty Act of 1996.*

[4]*Strickland v. Washington, 466 U.S. 668 (1984).*

[5]*Whether an instrument qualifies as a deadly weapon under the Oklahoma Uniform Jury Instructions depends on what it can do, not what it actually does when used. Okla. Uniform Jury Instructions, Crim.2d, § 4-28 ("Deadly Weapon - Any instrument designed or constructed to cause death or great bodily injury.")*

The court agrees with the magistrate judge's analysis of petitioner's claims and adopts Magistrate Judge Purcell's Report and Recommendation. Accordingly, the petition for writ of habeas corpus is **DENIED**. The court also denies petitioner's request for an evidentiary hearing and appointed counsel.

As the court concludes petitioner has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), he is denied a certificate of appealability.

**IT IS SO ORDERED**.

Dated this 1st day of July, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE